**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**


**UNITED STATES OF AMERICA**        )
                                    )
      **vs.**                      )        **Case No. 17 CR 643**
                                    )
**ERIC WELLER**                     )


**<u>INSTRUCTIONS GIVEN TO THE JURY</u>**


Date:  April 12, 2019

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment.  You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of conspiracy and fraud in connection with the purchase or sale of securities.

The defendant has pled not guilty to each of the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing.  It is not evidence that the defendant is guilty.  It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each the charges against him.  This presumption continues throughout the case, including during your deliberations.  It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged on the particular charge you are considering.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt.  This burden of proof stays with the government throughout the case.  A defendant is not required to prove his innocence.  He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court.  Do not attempt to do any research on your own.  You may not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the prior testimony that was read to you, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.  A stipulation is an agreement that certain facts are true or that a witness would testify in a certain way.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  If what a lawyer said is different from the evidence as you remember it, the evidence is what counts.  The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper.  If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

A defendant has an absolute right not to testify.  You may not consider in any way the fact that the defendant did not testify.  You should not even discuss it in your deliberations.

Give the evidence whatever weight you decide it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how truthful and accurate each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented;

- inconsistent statements or conduct by the witness; and

- prior criminal conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony.  You may not consider it for any other purpose.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court.  You may consider an inconsistent statement made before the trial to help you decide how truthful and accurate the witnesses' testimony was here in court.  If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

You have heard testimony from witnesses who:

- were promised benefits in return for their testimony;

- have admitted lying; and/or

- have stated that they were involved in one or more of the crimes the defendant is accused of committing; and/or

- have pled guilty to one or more of the crimes the defendant is accused of committing.  You may not consider such a witness's guilty plea as evidence against the defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Certain summaries and charts were admitted in evidence.  You may consider these as evidence.  It is up to you to decide how much weight to give to them.

Certain other summaries or charts were shown to you to help explain other evidence that was admitted.  These summaries are not themselves evidence or proof of any facts, so you will not have them during your deliberations.  If they do not correctly reflect the facts shown by the evidence, you should disregard them.

**Count 1**

In count 1 of the indictment, the defendant is accused of conspiracy. In order for you to find the defendant guilty of this charge, the government must prove each of the following three elements beyond a reasonable doubt:

1. The conspiracy as charged in count 1 existed. A conspiracy is an express or implied agreement between two or more persons to commit a crime.

2. The defendant knowingly became a member of the conspiracy with an intent to advance one or more of the goals of the conspiracy. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy. A person is not a member of a conspiracy just because he knows or associates with people who were involved in a conspiracy, knows that there is a conspiracy, or is present during conspiratorial discussions.

3. One of the conspirators committed an overt act in an effort to advance one or more of the goals of the conspiracy. An overt act is any act done to carry out a goal of the conspiracy.

I will define certain of these terms on the following pages.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you should find the defendant not guilty on this charge.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty on this charge.

**Count 1 – definition of conspiracy**

A conspiracy is an express or implied agreement between two or more persons to commit a crime.  A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the conspiracy charged in count 1 existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

## Count 1 – membership in conspiracy

To prove the defendant's membership in the conspiracy charged in count 1, the government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.  However, to be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished.

A defendant is not a member of a conspiracy just because he knew or associated with people who were involved in a conspiracy, knew there was a conspiracy, or was present during conspiratorial discussions.

In deciding whether the defendant joined the conspiracy charged in count 1, you must base your decision only on what the defendant did or said.  To determine what the defendant did or said, you may consider the defendant's own words or acts.  You may also use the words or acts of other persons to help you decide what the defendant did or said.

**Counts 2, 3, and 4**

Counts 2, 3, and 4 of the indictment charge the defendant with fraud in connection with the purchase or sale of securities. You must consider each of these charges separately.

In order for you to find the defendant guilty on the particular charge you are considering, the government must prove each of the four following propositions beyond a reasonable doubt:

1.      The defendant knowingly employed a device, scheme, or artifice to defraud in connection with the purchase or sale of a security. Stocks and stock options are securities.

2.      The defendant acted with the intent to defraud.

3.      The defendant acted willfully.

4.      The defendant knowingly used, or caused to be used, a facility of a national securities exchange in furtherance of the fraudulent conduct.

I will define a number of these terms on the following pages.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the particular charge you are considering, then you should find the defendant not guilty on that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular charge you are considering, then you should find the defendant guilty on that charge.

**Counts 2, 3, and 4 - definition of device, scheme, or artifice to defraud**

A "device, scheme, or artifice" is a plan or course of action formed with the intent to accomplish some purpose.  In this case, the defendant is charged with a device, scheme or artifice referred to as insider trading.

In order for you to find that there was a device, scheme, or artifice to defraud in this case, the government must prove each of the following propositions beyond a reasonable doubt:

1.      A corporate insider obtained material, non-public information about the corporation.  Information is material if there is a substantial likelihood that a reasonable investor would have considered it significant in deciding whether to purchase or sell securities.

2.      The corporate insider was under a duty of trust and confidence to keep the information confidential.

3.      In violation of this duty of trust and confidence, the insider disclosed the information to one or more persons so that they could trade in the corporation's securities using the information.

4.      The insider personally benefitted in some way from the disclosure of the information.  The benefit may be, but need not be, a monetary benefit to the insider. You may find a personal benefit to the insider if he provided the information to a friend intending to benefit the friend, with the understanding the friend would use the information to trade in the corporation's securities.

5.      The defendant received the information.

6.      The defendant knew that the information had been disclosed in violation of

a duty of trust and confidence.

   7.  The defendant knew that the insider personally benefitted from the disclosure of the information.  The term personal benefit has the same meaning as in paragraph 4.

   8.  The defendant used the information to purchase securities.

**Counts 2, 3, and 4 - definitions of intent to defraud, willfully, and knowingly**

A person acts with the "intent to defraud" if he acts knowingly and with the intent to deceive or cheat in order to cause a gain of money or property to the defendant or someone else.

A person acts "willfully" if he acts knowingly and with the intent to do something he knows is against the law.  The government is not required to prove that the defendant knew that his actions violated any particular law.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct and does not act through mistake, ignorance, or accident.

**Counts 2, 3, and 4 – facility of national securities exchange**

A facility of a national securities exchange includes any property or services maintained by the Chicago Board of Options Exchange.

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

The defendant has been accused of more than one crime.  The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately.  Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Once you are all in the jury room, the first thing you should do is choose a presiding juror.  The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes oral or written communication; communication using any sort of device, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer; communication by text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media or social networking websites like Facebook, LinkedIn, YouTube, Twitter, Snapchat, or Instagram; and any other form of communication at all.

If you need to communicate with me while you are deliberating, send a note through the court security officer.  The note should be signed by the presiding juror, or by one or more members of the jury.  To have a complete record of this trial, it is important that you communicate with me only by written notes.  I may have to talk to the lawyers about your message, so it may take me some time to get back to you.  You may continue your deliberations while you wait for my answer.  Please be advised that I cannot provide you with a transcript of any of the trial testimony.

A verdict form has been prepared for you. You will take this form with you to the jury room.      [Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror.  Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.  Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17 C 643** |
| | ) | |
| **ERIC WELLER** | ) | |

## <u>VERDICT</u>

We, the jury find as follows with respect to the charges against the defendant, ERIC WELLER:

|  | NOT GUILTY | GUILTY |
|---|---|---|
| COUNT ONE: | ☐ | ☐ |
| COUNT TWO: | ☐ | ☐ |
| COUNT THREE: | ☐ | ☐ |
| COUNT FOUR: | ☐ | ☐ |

_____    _____
PRESIDING JUROR

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

Date: _____, 2019