**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 17 CR 643 – 6 |
| | ) | |
| ERIC WELLER | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a trial, a jury returned a verdict convicting Eric Weller on a charge of conspiracy under 18 U.S.C. § 371 and acquitting him on three charges of securities fraud under 15 U.S.C. § 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. Weller has moved for entry of a judgment of acquittal on the conspiracy charge or for a new trial.

### 1. Motion for judgment of acquittal

In considering Weller's motion for judgment of acquittal, the Court assesses whether there is sufficient evidence from which the jury reasonably could find him guilty beyond a reasonable doubt. The Court views the evidence in the light most favorable to the government and draws reasonable inferences in its favor, keeping in mind that it is the jury's function to determine the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences. *See, e.g., United States v. Payne*, 102 F.3d 289, 295 (7th Cir. 1997).

With regard to the conspiracy charge, the indictment alleged that Weller conspired along with eight others to willfully use, via the facilities of a national securities exchange, a manipulative and deceptive device by engaging in a scheme to defraud

and a course of conduct that operated as a fraud on others. The charged conspiracy involved the use (by Weller and others) of material, non-public information disclosed in violation of fiduciary duty by a high-level executive at Life Time Fitness, Inc. to purchase out-of-the money Life Time call options, expecting that the price of the stock would increase significantly when the information became public. Weller was a downstream tippee who did not deal directly with the executive, Shane Fleming. The allegations are discussed further in the Court's ruling denying a co-defendant's motion to dismiss the indictment, which Weller adopted. *See United States v. Beshey*, No. 17 CR 643, 2019 WL 277730 (N.D. Ill. Jan. 22, 2019).

In his motion, Weller argues first that the government failed to prove the charged conspiracy and instead proved, at most, a series of individual deals between tippees and Peter Kourtis, who had obtained the inside information from Bret Beshey, who in turn had obtained it directly from Fleming. *See* Def.'s Mot. at 8. (Weller also may be renewing the motion to dismiss; if so, the Court overrules the request for the reasons stated in its earlier decision.)

The Court overrules Weller's argument. Kourtis testified that he disclosed to Weller and others the information that Fleming had provided; told each of them that Life Time would soon be acquired by another company, which would drive its stock price up; told each of them that the information was reliable because it had come from his close friend (Beshey), who in turn had received the information from his longtime friend (Fleming); and told each of them that the Life Time insider who had disclosed the information had done so for the benefit of his friend Beshey and not for a legitimate corporate purpose. There was also evidence, taken in the light most favorable to the

2

government, that Weller acted on this information by purchasing out-of-the-money Life Time call options. Finally, there was evidence—testimony from Kourtis—that Weller paid him a kickback consisting of a total of ten to fifteen pounds of marijuana, which Kourtis was able to sell for over $20,000. Kourtis also testified that other recipients of the information paid kickbacks, in cash. Kourtis further testified that he, in turn, paid kickbacks to Beshey.

This evidence was sufficient to permit a reasonable jury to find that the single conspiracy alleged in the indictment had been proven beyond a reasonable doubt. There was no evidence that Weller was aware of any other remote tippee, but as the Court stated in denying the motion to dismiss, the law does not require each conspirator to know all of the others or all of the details of the conspiracy. *United States v. Blumenthal*, 332 U.S. 539, 557 (1947); *United States v. Bolivar*, 532 F.3d 599, 603 (7th Cir. 2008). The evidence support the proposition that there was an overarching agreement to benefit the conspirators and others by misuse of the information Fleming had disclosed and that Weller knowingly joined a conspiracy and had a common objective that was wider objective than simply person A giving information to person B.

In his reply brief, Weller argues that the evidence was also insufficient because the government did not prove that he was aware of any personal benefit to Fleming and that he did not agree to commit an unlawful act in furtherance of the alleged conspiracy. These arguments are forfeited because Weller did not make them in his motion, but even if they are not forfeited, they lack merit. Kourtis's testimony, which the jury was entitled to believe, was sufficient to establish Weller's awareness that Fleming was personally benefitting from a breach of fiduciary duty and that he agreed to carry out the

3

conspiracy by making trades to profit personally and pay a kickback in return. The proposition that Kourtis's testimony regarding his dealings with Weller is not directly corroborated does not carry the day; the testimony was not inherently unbelievable in such a way that it could not support a jury verdict. And the fact that Weller may have done his own investigation before trading does not detract from the proposition that he had, and used, material non-public information to make his trades.

For these reasons, the Court denies Weller's motion for a judgment of acquittal.

**2.    Motion for new trial**

In seeking a new trial, Weller argues that the Court should have given his proposed "buyer-seller" instruction regarding proof of the conspiracy charge, *see* Def.'s Mot. at 9-10; the Court erroneously admitted post-conspiracy conversations that were not in furtherance of the charged conspiracy, *see id.* at 10-11; and one of the instructions on the substantive insider trading charge was erroneous, *see id.* at 12.

On the first issue, a defendant is entitled to a theory-of-defense instruction if it is a correct statement of the law; the evidence supports the instruction; the defense is not otherwise covered in the jury charge; and the failure to give the instruction would deprive the defendant of a fair trial. *See, e.g., United States v. Brown*, 865 F.3d 566, 571 (7th Cir. 2017). "Similarly, a district court may refuse a proposed jury instruction if the other instructions convey the same message as the proposed instruction." *Id.* at 571-72 (internal quotation marks omitted). Here, Weller has not shown that the failure to give the instruction deprived him of a fair trial. And the instructions describing what the government was required to prove to sustain the conspiracy charge accurately

4

required the government to prove Weller's knowing membership in "the conspiracy as charged in count 1," including the following:

> The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy. A person is not a member of a conspiracy just because he knows or associates with people who were involved in a conspiracy, knows that there is a conspiracy, or is present during conspiratorial discussions.

Jury Instructions (dkt. no. 248) at 15. For these reasons, as well as the others cited by the government, the absence of this instruction does not entitle Weller to a new trial.

Second, the Court did not improperly admit post-conspiracy declarations that were not in furtherance of the conspiracy as Weller contends. This evidence concerned statements by Weller to Kourtis and Alex Carlucci, another charged conspirator, about not cooperating with and lying to law enforcement, as well as a statement by Weller to Carlucci that he should not talk to law enforcement and should not testify and that he (Weller) "can crush Pete [Kourtis] in court." The Court notes, first, that Weller did not object to the admission of these statements on this basis before or contemporaneously with their admission, and thus he has forfeited the point. But even if not forfeited, Weller's contention lacks merit. His own statements, even if seen as post-conspiracy, are nonetheless relevant statements of an opposing party that the government appropriately could introduce under Federal Rule of Evidence 801(d)(2)(A) and thus were not hearsay. And the statements of others during the same conversation were appropriately admissible to put Weller's own statements in context and likewise were not hearsay. *See, e.g., United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006).

Finally, Weller's challenge to one of the instructions on the substantive insider trading charges—arguing that it effectively directed a verdict in the government's

5

favor—is somewhat perplexing, seeing as how the jury acquitted him on those charges. And this instruction was not incorporated into the instructions regarding the conspiracy charge (nor did Weller ever ask the Court to do so). The Court cannot see a viable argument regarding how the absence of this instruction deprived Weller of a fair trial. That aside, the instruction was legally appropriate in light of the Court's analysis on the motion to dismiss and during the jury instruction conference.

For these reasons, the Court denies Weller's motion for a new trial.

## Conclusion

For the reasons stated above, the Court denies defendant Eric Weller's motion for judgment of acquittal or for a new trial [dkt. no. 270].

Date: July 30, 2019

_____
MATTHEW F. KENNELLY
United States District Judge