CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

### For the Seventh Circuit

No. 19-2814

UNITED STATES OF AMERICA,

                      *Plaintiff-Appellee*,

*v.*

ERIC WELLER,

                      *Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 CR 643 — **Matthew F. Kennelly**, *Judge*.

ARGUED SEPTEMBER 24, 2020 — DECIDED JULY 7, 2022

Before EASTERBROOK and MANION, *Circuit Judges*.[*]

EASTERBROOK, *Circuit Judge*. Eric Weller has been convicted of a crime related to inside trading in securities, see *United States v. O'Hagan*, 521 U.S. 642 (1997), and sentenced to a year and a day in prison. The evidence at trial permitted a jury to

---

[*] Circuit Judge Kanne, a member of the panel at the time of argument, died on June 16, 2022. This appeal is being decided by a quorum. 28 U.S.C. §46(d).

find that Weller was a remote tippee of Shane Fleming, a vice president of Life Time Fitness, Inc., who learned that his company was likely to be acquired by a private-equity firm at an above-market price.

Fleming alerted his friend Bret Beshey, who passed the information to Chasity Clark and Peter Kourtis. Both Clark and Kourtis knew that Fleming had misappropriated the information. Clark tipped off one additional person, while Kourtis relayed the information to four more, including Weller. Most of the tippees made profits by buying out-of-the-money call options, which they sold once the offer was announced. Weller made more than $550,000. After reaping profits, the tippees showed their appreciation through kickbacks. Weller, for example, provided Kourtis with at least 10 pounds of marijuana, which he sold for $20,000. Kourtis shared some of those proceeds with Beshey, and Beshey shared with Fleming. All of this could have been found by a reasonable jury, as the district judge concluded when denying Weller's motion for acquittal. 2019 U.S. Dist. LEXIS 126515 (N.D. Ill. July 30, 2019).

One element of trading on inside information is breach of a duty to keep the information confidential. See *Dirks v. SEC*, 463 U.S. 646 (1983). Weller contends that the indictment does not adequately allege that he knew of Fleming's violation of that duty. The parties agree that this allegation, if present at all, must be found in ¶3(f) of the indictment, which says (with names in all-caps type written normally):

> Beginning on or about February 24, 2015, Kourtis, while in possession of the material, nonpublic information he received from Beshey, which information Kourtis knew that Beshey's close personal friend and Life Time Fitness, Inc. insider, "Shane," had misappropriated in breach of a duty of trust and confidence to keep such information confidential, provided the information to [4

> names, including Weller], with each of whom Kourtis had a close personal relationship. Based on the information provided by Kourtis, [4 names, including Weller] knew: (i) that Kourtis had learned the material, nonpublic information from Kourtis' close personal friend [Beshey]; (ii) that Kourtis's close personal friend had learned the information from a close personal friend and senior employee [Fleming] at Life Time Fitness, Inc.; and (iii) that the senior employee at Life Time Fitness, Inc. had misappropriated the material, nonpublic information from Life Time Fitness, Inc. in breach of a duty of trust and confidence to keep such information confidential.

What's missing from this stilted verbiage is an express allegation that Fleming breached a duty to his employer by providing the information to Beshey. And that omission, Weller contends, means that the indictment does not allege an offense. But the district judge denied Weller's motion to dismiss. *United States v. Beshey, Mansur & Weller*, 2019 U.S. Dist. Lexis 9569 (N.D. Ill. Jan. 22, 2019).

An express allegation that Beshey's gratitude was a benefit to Fleming would have sufficed. Weller says not, relying on *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), for the proposition that the benefit must be in the form of money or other property. But *Salman v. United States*, 137 S. Ct. 420, 428 (2016), disapproved *Newman* and reaffirmed the statements in *Dirks* that assisting a friend or relative counts as a personal benefit.

Still, the indictment does not allege in so many words that Fleming received a forbidden benefit. It does say that Beshey was Fleming's friend and that Fleming violated a duty to his employer. Is that close enough? Given *Salman* and *Dirks*, the answer must be yes. An indictment suffices when it notifies the defendant of the charge, which can be done without parroting the words of the statute—or, for inside-trading

doctrine, parroting the language of the Supreme Court's decisions. See *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007); *United States v. Khan*, 937 F.3d 1042 (7th Cir. 2019). *Resendiz-Ponce* holds that an implicit allegation suffices. 549 U.S. at 107. Paragraph 3(f) meets that standard.

To the extent that Weller contests the sufficiency of the evidence on the ground that the United States did not prove a monetary benefit to Fleming, that again rests on the holding of *Newman*, which did not survive *Salman*. Weller does not contend that the jury instructions were deficient on this score, so we agree with the district judge that both the indictment and the evidence permit a conviction consistent with *Dirks* and *Salman*.

A careful reader may have noticed the odd phraseology in this opinion's first sentence: "a crime related to inside trading in securities". We put it that way because, although Weller was charged with three violations of §10(b) of the Securities Exchange Act, 15 U.S.C. §78j(b), and the SEC's Rule 10b–5, 17 C.F.R. §240.10b–5, the jury acquitted him of those substantive charges. He was convicted on a single charge of conspiracy to violate the securities laws, in violation of 18 U.S.C. §371, and he maintains that the prosecution did not show a conspiracy. The jury's decision is inscrutable, but there is no priority among inconsistent verdicts. *United States v. Powell*, 469 U.S. 57 (1984); *Yeager v. United States*, 557 U.S. 110 (2009). We must assess the conspiracy conviction as if it had been the only charge.

When denying Weller's motion for judgment of acquittal, the district judge remarked that it is hornbook law that conspirators need not know everyone else's names and roles. *United States v. Blumenthal*, 332 U.S. 539 (1947). Weller insists

that things are otherwise for inside trading. He relies on *United States v. Geibel*, 369 F.3d 682 (2d Cir. 2004), which holds that it is not possible to find a conspiracy among the first tipper and all remote tippees unless the first tipper expected or intended wide distribution of the information. The indictment alleges that Fleming met with some of the remote tippees and received kickbacks from at least two, but it does not include language matching *Geibel*'s. Nor did the jury instructions. It follows, Weller contends, that he must be acquitted.

That's not an appropriate conclusion. What follows from *Geibel* is that *Fleming* would have been entitled to acquittal, had he been charged with conspiring with Weller and other fourth-tier tippees. Fleming conspired with Beshey but not with Weller. The problem for Weller, however, is that a jury need not convict all charged members of the conspiracy in order to convict any given charged member. If the indictment charges that A, B, C, D, and E conspired, and the jury finds that only A, B, and C did so, a conviction of A is valid if supported by the evidence. *United States v. Duff*, 76 F.3d 122, 126 (7th Cir. 1996). The difference is a variance, to be sure, but not a prejudicial one. In *Geibel* itself the Second Circuit concluded that the conspiracy supported by the evidence was smaller than the one charged in the indictment, but it affirmed the convictions of those inside traders who conspired with at least one other person. No matter what else one makes of the evidence, Weller and Kourtis conspired to misuse material nonpublic information. They acted in concert for their private benefit, in violation of legal rules, which is a conspiracy. For the same reason *Geibel* affirmed the convictions of three defendants, we affirm Weller's. (And, again for the same reason, the jury instructions did not need to include a buyer-seller

instruction. The instructions defined the word "conspiracy" in a way that excluded stand-alone commercial transactions.)

Weller has three other arguments: that the judge should not have allowed the jury to hear statements he made to other tippees after the inside trading had ended; that his sentence is too high compared with other defendants; and that he should not have been ordered to forfeit his profits. None of these contentions persuades us. Weller's statements were properly received as admissions, whether or not they came within the co-conspirator exception to the hearsay rule. Fed. R. Evid. 801(d)(2)(E). The sentence is proper because Weller made more than any other tippee, which produced a higher range under the Sentencing Guidelines. The 366-day sentence is below the Guideline range and therefore cannot be attacked as creating unwarranted disparities, in violation of 18 U.S.C. §3553(a)(6). *United States v. Bartlett*, 567 F.3d 901, 907–08 (7th Cir. 2009). What's more, Fleming pleaded guilty and cooperated; Weller did not. And the judge was entitled to find, by a preponderance of the evidence, that Weller made forfeitable profits by substantive violations of the securities laws. The jury's conclusion that guilt was not shown beyond a reasonable doubt does not constrain a judge's decision on a lower standard of proof. *United States v. Watts*, 519 U.S. 148 (1997).

AFFIRMED