UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 17 CR 643 |
| vs. | |
| ERIC WELLER | Judge Matthew F. Kennelly |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR BOND PENDING APPEAL TO THE SUPREME COURT OF THE UNITED STATES

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby responds to defendant's request for bond pending his appeal to the United States Supreme Court. For the reasons discussed below, the government respectfully requests that the Court deny defendant's motion and set a date by which the defendant must report to the Bureau of Prisons to begin serving his sentence.

### I.    Background

On September 28, 2017, a grand jury returned an indictment charging defendant and eight co-defendants with one count of conspiracy to commit securities fraud by insider trading, in violation of 18 U.S.C. § 371, and nine counts of securities fraud by insider trading, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), and 17 C.F.R. § 240.10b-5. ECF No. 1. Defendant was charged in the conspiracy count (Count One) and three securities fraud by insider trading counts (Counts Three, Four, and Seven). *Id.*

In April 2019, after this Court denied defendant's motion to dismiss the indictment (ECF No. 203), defendant proceeded to trial. The jury found defendant guilty of conspiracy to commit securities fraud by insider trading. ECF No. 254. The jury acquitted defendant of the three securities fraud counts. *Id.* After denying defendant's post-trial motions (ECF No. 314), on September 19, 2020, this Court sentenced defendant to one year and one day of imprisonment, followed by one year of supervised release (ECF No. 350). The Court also entered a preliminary order of forfeiture for a money judgment in the amount of $536,167, which the court found represented defendant's profits through his insider trading. At the conclusion of the sentencing hearing, on September 9, 2019, the Court granted defendant's motion for bond pending appeal to the Seventh Circuit Court of Appeals.

Defendant appealed, and on July 7, 2022, the Seventh Circuit Court of Appeals affirmed the verdict and sentence. ECF No. 415.

## II. Law Applicable to Request for Bond Pending Appeal

In 1984, Congress enacted 18 U.S.C. § 3143(b) for the purpose of reversing the previously-applicable presumption in favor of granting convicted defendants bond pending appeal. *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985). Under § 3143(b), rather than permitting defendants who appeal their convictions to be released on bond as a routine matter, bond pending appeal may be granted only based on "'an affirmative finding that the chance for reversal is substantial.'" *Id.* (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 27, reprinted in U.S. Code Cong. & Ad. News 3182, 3210).

The change Congress enacted, which established a presumption of confinement pending appeal, "gives recognition to the basic principle that a conviction is presumed to be correct." *Id.* (internal marks omitted). The change in the law also reflects Congress's observation that "[r]elease of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law, especially in those situations where an appeal of the conviction may drag on for many months or even years." S. Rep. No. 225, 98th Cong., 1st Sess. 26, reprinted in U.S. Code Cong. & Ad. News 3182, 3209. As the Seventh Circuit has noted, Congress recognized "that harm results not only when someone is imprisoned erroneously, but also when execution of sentence is delayed because of arguments that in the end prove to be without merit." *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986). Consistent with the shift in the presumption, the revised statute "requires the defendant, not the government, to shoulder 'the burden of showing the merit of the appeal.'" *Bilanzich*, 771 F.2d at 298 (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 27 n.86, 1984 U.S. Code Cong. & Ad. News 3182, 3210 n.86). This "assure[s] that post-conviction bail is confined to those who are among the more promising candidates for ultimate exoneration." *Shoffner*, 791 F.2d at 589.

With this legislative history and intent as background, § 3143(b)(1)(B)(iv) provides that a defendant who is not a flight risk or a danger to the community,[1] and who has been sentenced to a term of imprisonment, "shall" be detained pending appeal, unless a court finds that the appeal "raises a substantial question of law or

---

[1] The government does not contend that defendant is a flight risk or danger to the community.

fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Indeed, under current case law, for bond pending appeal to be warranted under § 3143(b)(1)(B)(iv), an appeal must "present[] a close question or one that very well could be decided the other way." *Shoffner*, 791 F.2d at 589. "In its particular statutory context 'substantial' must mean that the appeal could really go either way, that it is a toss-up or nearly so." *United States v. Greenberg*, 772 F.2d 340, 341 (7th Cir. 1985). Analysis of whether the question of law is "close" should be "left to a case-by-case determination," *Bilanzich*, 771 F.2d at 299, with special attention paid to the district court's analysis of the question at earlier stages of the proceedings, *Shoffner*, 791 F.2d at 589,

Even if a question is determined to be substantial, or close, the defendant also must show, as a second step, that "assuming that the question is decided in the defendant's favor, the appellate court is more likely than not to reverse the conviction or order a new trial." *Bilanzich*, 771 F.2d at 298. In other words, release under § 3143(b) "'requires an affirmative finding that the chance for reversal is substantial.'" *United States v. Ashman*, 964 F.2d 596, 599 (7th Cir. 1992) (quoting *Bilanzich*, 771 F.2d at 298).

III. **Defendant Fails to Raise a Substantial Question of Law or Fact Likely to Result in a Sentence That Does Not Include a Term of Imprisonment or a Term of Imprisonment Less Than the Expected Length of the Appeal Process**

In light of the Seventh Circuit's decision affirming defendant's conviction and

4

sentence, the defendant cannot satisfy his burden of proving that "the chance for reversal [by the Supreme Court] is substantial." *Ashman*, 964 F.2d at 599 (quoting *Bilanzich*, 771 F.2d at 298). Defendant argues that there are two "substantial" issues he plans to present to the United States Supreme Court. First, defendant argues that the Seventh Circuit's opinion affirming defendant's conviction "conflicts with the Second Circuit's ruling in *United States v. Geibel*, 369 F. 3d 682 (2d Cir. 2004." ECF No. 412 at 3. That is incorrect. The Seventh Circuit did not disagree with the Second Circuit's decision in *Geibel*. Instead, the Seventh Circuit expressly determined that the Second Circuit's *Geibel* decision compelled affirming defendant's conviction. Indeed, the Seventh Circuit held that "[f]or the same reason *Geibel* affirmed the convictions of three defendants, we affirm Weller's." ECF No. 414 at 5.

Defendant's other arguments for continued delay of his report date to the Bureau of Prisons are that, based on the Supreme Court's decisions in *Salman* and *Dirks*, the indictment failed to allege the defendant's knowledge of a personal benefit to the insider at Lifetime Fitness, and furthermore the evidence at trial failed to prove defendant's knowledge of the personal benefit to the Lifetime insider. ECF No. 412. But defendant's arguments have been rejected at least four times—first by this Court in response to defendant's motion to dismiss the indictment (ECF No. 473), second by the jury when it convicted defendant based on his participation in the charged insider trading conspiracy (ECF No. 254), third by this Court in response to defendant's post-trial motions (ECF No. 314), and, most recently, by the Seventh Circuit, when it affirmed defendant's conviction. ECF No. 415 at 4 ("[W]e agree with the district judge

that both the indictment and the evidence permit a conviction consistent with *Dirks* and *Salman*.")

In sum, there is nothing "substantial" about defendant's arguments, and based on the lack of merit of his arguments—along with the statistical unlikelihood that the Supreme Court will grant a petition for a writ of certiorari,[2] let alone reverse the decisions of the jury, this Court, and the Seventh Circuit Court of Appeals—the government respectfully requests that the Court set a date by which defendant must report to the Bureau of Prisons to begin serving the sentence imposed by the Court in September 2019.

## IV.    Conclusion

For the reasons stated above, the government respectfully requests that the Court deny defendant's motion for bond pending appeal to the United States Supreme Court and set a date by which defendant must report to the Bureau of Prisons to begin serving his sentence.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    */s/ John D. Mitchell*
JOHN D. MITCHELL
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5159

---

[2] Each year the United States Supreme Court grants approximately 2% of the 7,000 petitions for writ of certiorari that are filed.
https://www.uscourts.gov/about-federal-courts/educational-resources/about-educational-outreach/activity-resources/supreme-1 (last visited on August 2, 2022)